# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBRA LYNN HENSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 14-cv-107-TLW |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Plaintiff Debra Lynn Henson seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423. In accordance with 28 U.S.C. § 636(c)(1) & (3), and Fed. R. Civ. P. 73, the parties have consented to proceed before a United States Magistrate Judge. (Dkt. 9). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## INTRODUCTION

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor

substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

**BACKGROUND**

Plaintiff, then a forty-eight year old female, completed her application for Title II benefits on February 15, 2011. (R. 115-16). Plaintiff initially alleged a disability onset date of September 15, 2010. (R. 115). Plaintiff claimed that she was unable to work due to symptoms and limitations associated with osteoarthritis; rheumatoid arthritis; degenerative disc disease at C4-C7 and L4-L7; "possible glaucoma"; "possible lumbar sacral stenosis"; bilateral heel spurs; hammer toe deformities; and "S/P knee surgery (L) times 2." (R. 135). Plaintiff's claims for benefits were denied initially on June 23, 2011, and on reconsideration on August 19, 2011. (R. 58, 61-65, 59, 68-70). Plaintiff requested a hearing before an administrative law judge ("ALJ"), and the ALJ held the hearing on October 19, 2012. (R. 30-56). The ALJ issued a decision on November 16, 2012, denying benefits and finding plaintiff not disabled. (R. 8-29). The Appeals Council denied review, and plaintiff appealed. (R. 1-5; dkt. 2).

**The ALJ's Decision**

The ALJ found that plaintiff was insured for Title II benefits through December 31, 2014. (R. 13). Plaintiff had not performed any substantial gainful activity since her alleged onset date of September 15, 2010. Id. At step two, the ALJ found that plaintiff had the severe impairments of "osteoarthritis, status post cervical surgery, hypermobility syndrome, occasional vertigo (dizziness), and fibromyalgia." Id. The ALJ determined that plaintiff's gastroesophageal reflux disease (GERD) and Sjögren's syndrome were non-severe impairments that only slightly impacted her ability to work. Id. The ALJ analyzed the "paragraph B" criteria to determine that

plaintiff's "medically determinable mental impairment[ ] of depression" caused only mild limitation in the areas of activities of daily living, social functioning, and concentration, persistence, and pace, with no episodes of decompensation; therefore he determined that her depression was also a non-severe impairment. (R. 13-15).

At step three, the ALJ determined that plaintiff's impairments did not meet or equal a listed impairment. (R. 15-16). Therefore, after reviewing plaintiff's testimony, the medical evidence, and other evidence in the record, the ALJ concluded that plaintiff retained the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) in that the claimant is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk at least 6 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday, all with normal breaks. She should avoid work above shoulder level and avoid hazards such as heights and open machinery.

(R. 16). At step four, the ALJ found that plaintiff was capable of performing her past relevant work as a medical receptionist and a secretary, and that the demands of both jobs did not exceed her RFC. (R. 21). Alternatively, at step five, the ALJ determined that plaintiff could perform the representative jobs of cashier II (unskilled, light, SVP 2); office helper (unskilled, light, SVP 2); and cafeteria helper (unskilled, light, SVP 2). (R. 21-22). Because he found that plaintiff could return to her past relevant work, the ALJ determined that she was not disabled. (R. 23).

## ANALYSIS

On appeal, plaintiff raises a single issue of error: that the ALJ failed to properly consider the treating physician opinion of Dr. Studdard. (Dkt. 15).

**Treating Physician's Opinion**

The record shows that Daniel M. Studdard, D.O. of Warren Clinic was plaintiff's treating physician from March 2006 to September 2012. (R. 187-90, 191-221, 222-25, 228-71, 272-74, 275-99, 300-04, 315-18, 336, 339-42, 359-65, 366-70, 373-96, 397-401, 402-07, 408-10, 411-14, 415-20, 421-31). During that time, Dr. Studdard treated plaintiff and referred her to many

3

specialists to address a number of complaints. Id. Dr. Studdard completed a "Medical Source Statement of Ability to do Work-Related Activities (Physical)" form[1] on September 17, 2012, opining that plaintiff could sit, stand and/or walk 15 minutes at one time without interruption; sit for two hours of an eight-hour workday; stand for two hours of an eight-hour workday; and walk for 15 minutes of an eight-hour workday. (R. 403). Dr. Studdard further opined that plaintiff was limited to occasionally lifting and/or carrying up to ten pounds. (R. 402). He limited plaintiff to occasionally reaching in all directions, handling, fingering, feeling, pushing and/or pulling bilaterally with her hands, and operating foot controls bilaterally with her feet. (R. 404). He limited plaintiff to occasionally climbing stairs and ramps and balancing, and never climbing ladders or scaffolds, stooping, kneeling, crouching, or crawling. (R. 405). Dr. Studdard further limited plaintiff to occasional exposure to moving mechanical parts, driving, humidity/wetness, dust, odors, fumes, pulmonary irritants, and extreme cold or heat. (R. 406). Dr. Studdard also noted that plaintiff should never be exposed to unprotected heights or vibrations. Id. He also recommended that plaintiff only be exposed to a moderate noise level (such as an office environment). Id. Dr. Studdard noted that plaintiff could not walk a block at a reasonable pace on rough or uneven surfaces, or sort, handle, or use paper files. (R. 407). Dr. Studdard listed "RA/OA/Fibromalgia/Sjögren's syndrome" as the medical findings that supported his opinion. (R. 404-405). Dr. Studdard noted that he first found plaintiff's limitations present in approximately 2005. (R. 407).

The ALJ's weight discussion of Dr. Studdard's opinion follows:

> The undersigned does not give controlling weight to Dr. Studdard. His opinion of such a limiting residual functional capacity is not supported by the totality of the medical evidence of record. In addition, Dr. Studdard's own physical examination on April 30, 2012, only showed tenderness in the knees

---

[1] Social Security Form HA-1151-BK (4-2009).

> bilaterally and the right foot. X-rays taken the same day were all normal. Further, the claimant first saw Dr. Studdard on April 30, 2012; there is no indication that Dr. Studdard had reviewed any other medical records of the claimant.

(R. 20). Plaintiff argues that after the ALJ decided that Dr. Studdard's opinion was not entitled to controlling weight, he failed to assign and explain what lesser weight Dr. Studdard's opinion was given, and also failed to explain how Dr. Studdard's medical opinion was inconsistent with the overall record. (Dkt. 15). The Commissioner initially responds to plaintiff's argument by advocating that the ALJ properly discounted plaintiff's credibility. (Dkt. 18 at 4-8). The Commissioner then addresses plaintiff's actual allegation of error by arguing that the ALJ provided sound reasoning for not affording controlling weight to Dr. Studdard's opinion. The Commissioner then attempts to create a link between the ALJ's conclusion and other conflicting evidence of record. (Dkt. 18 at 8-9). No such link is provided by the ALJ.

Ordinarily, a treating physician's opinion is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); see also Hackett v. Barnhart, 395 F.3d at 1173-74 (citing Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003)). If the ALJ discounts or rejects a treating physician opinion, he is required to explain his reasoning for so doing. See Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987) (stating that an ALJ must give specific, legitimate reasons for disregarding a treating physician's opinion); Thomas v. Barnhart, 147 F. App'x 755, 760 (10th Cir. 2005) (holding that an ALJ must give "adequate reasons" for rejecting an examining physician's opinion and adopting a non-examining physician's opinion). The reasons must be of sufficient specificity to make clear to any subsequent reviewers the weight the adjudicator gave to the

5

treating physician's opinion and the reasons for that weight. See Anderson v. Astrue, 319 F. App'x 712, 717 (10th Cir. 2009) (unpublished).[2]

Here, the ALJ misrepresented plaintiff's treatment relationship with Dr. Studdard. He erroneously stated that plaintiff began treatment with Dr. Studdard in 2012, when the record clearly shows years of treatment and referrals by Dr. Studdard. In addition, the ALJ erroneously noted that Dr. Studdard completed his opinion with "no indication that [he] had reviewed any other medical records of the claimant." (R. 20). Finally, although the Commissioner may be correct about why the ALJ rejected Dr. Studdard's opinion, nowhere does the ALJ explain his reasoning in sufficient detail that it can be followed.

For the reasons set forth above, the Court remands this case to the Commissioner for the ALJ to perform a proper analysis of Dr. Studdard's treating physician opinion.

## CONCLUSION

For the foregoing reasons, the ALJ's decision finding plaintiff not disabled is **REVERSED and REMANDED** for further proceedings. Specifically, the ALJ should perform a proper analysis of Dr. Studdard's treating physician opinion.

SO ORDERED this 25th day of August, 2015.

T. Lane Wilson
United States Magistrate Judge

---

[2] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."